# EXHIBIT A

# EMPLOYMENT AGREEMENT

This EMPLOYMENT AGREEMENT ("Agreement") is made and entered into effective as of January 1, 2025 ("Effective Date"), by and between SERVECO NORTH AMERICA, LLC, a Georgia limited liability company ("Company"), and George Martinez, an individual resident of the State of Arkansas ("Employee").

## Recitals

WHEREAS, Company is engaged directly and indirectly in the business of providing extended warranty programs and on-site cleaning and repair service for furniture, and furniture care products.

WHEREAS, Company desires to employ Employee in the position described herein, and Employee desires to receive assurance of such employment.

## Agreement

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Company and Employee, intending to be legally and equitably bound, hereby agree as follows:

1. **Employment; Term**.

1. Employment. Company hereby employs Employee, and Employee hereby accepts employment with Company, all upon the terms and conditions set forth in this Agreement.

2. Term. The term of Employee's employment under this Agreement shall be the period commencing on the Effective Date and continuing for a period of three (3) years, unless terminated by either Company or Employee in accordance with the terms of this Agreement (the "Initial Term"). Following the expiration of the Initial Term, this Agreement shall automatically be extended for an additional term of one (1) year each (the "Renewal Term") unless either Company or Employee provides written notice of termination to the other party at least Ninety (90) days prior to the expiration of the Initial Term or any Renewal Term (the Initial Term and any Renewal Term(s) hereinafter referred to as the "Term").

2. **Duties/Reporting**.

During the Term of this Agreement, Employee shall hold the position of President of Premier Furniture Consultant, LLC dba ServeCo Repair. In such capacity, Employee shall perform such duties and responsibilities as are reasonably assigned to Employee by the officers of the Company during the Term of this Agreement. Such duties and responsibilities shall include the development and implementation of field service solutions and growth of the

business. Employee shall be required to have direct involvement with the inside and outside sales representatives of the Company, the customer service center and the overall operations of Premier Furniture Consultant, LLC to ensure that all programs meet the expectations of profitability and performance.

3. **Performance of Duties; Standard of Care.**

During the Term of this Agreement, Employee shall act at all times in the best interests of Company and diligently discharge his duties and responsibilities to Company under this Agreement. Such duties shall be rendered at the office of Premier Furniture Consultant, LLC in Bentonville Arkansas, at the Company in Cartersville, Georgia, and Employee shall travel to other locations as the interests, needs, business, or opportunities of Company shall reasonably require. In connection with the performance of his duties hereunder, Employee shall at all times seek to exercise the highest degree of loyalty to the Company.

4. **Compensation and Expenses.**

1. Base Salary and Other Compensation. Company shall pay to Employee, during the Term of this Agreement, a monthly base salary ("Base Salary") in accordance with Company's normal payroll practice applicable to Employees of Company in the same or similar positions to that of Employee. During the Term of this Agreement, Employee's Base Salary shall be calculated at the rate of $6,730.77 paid bi-weekly.

5. **Personnel Benefits and Policies.**

1. Benefits Generally. During the Term of this Agreement, Employee shall be entitled to participate in all benefit programs, policies, or plans adopted by Company and applicable to executive employees of the Company on the same basis as such other executive employees, as such programs, policies, or plans may be interpreted, adopted, revised, or terminated from time to time by Company in its sole discretion. All matters of eligibility for coverage or benefits under any such benefit programs, policies, or plans shall be determined in accordance with the provisions of the employee handbook of the Company.

2. Retirement Benefits. Company shall provide to Employee the right to participate in Company's 401(k) plan as may be adopted and amended by Company from time to time for the benefit of Company's employees, subject to the eligibility and participation requirements of such plan.

3. Personal Time Off. Employee shall be entitled to three (3) weeks of paid personal time off ("PTO") during each calendar year of the Term of this Agreement and such paid holidays as Company may establish. Employee shall report all PTO time Employee takes to the Chief Executive Officer of the Company. Any PTO Employee does not use is forfeited the next calendar year.

6. **Termination**.

1. Termination Due to Death. If Employee's employment shall be terminated by reason of Employee's death, Company's obligation to pay Base Salary and other compensation pursuant to this Agreement shall immediately expire.

2. Voluntary Termination by Employee.

(a) Employee may terminate his employment at any time during the Term of this Agreement by giving Company written notice of Employee's intent to terminate not less than sixty (60) calendar days before the effective date of such termination ("Notice of Termination"). Such written Notice of Termination shall state the effective date of termination, which shall not be earlier than the last day of the applicable notice period set forth in the preceding sentence (the "Effective Date of Termination"). Notwithstanding the foregoing, after receiving a Notice of Termination, Company may, in its sole and absolute discretion, terminate Employee's employment at any time prior to the Effective Date of Termination. If Company terminates Employee's employment prior to the Effective Date of Termination, Company shall pay Employee's monthly Base Salary for sixty (60) days (less the number of days from Company's receipt of the Notice of Termination until Company terminates Employee's employment) in a single lump sum on the fifth (5th) day following the actual date of termination. Thereafter, Company shall have no further obligation to pay any Base Salary to Employee and Company's payments to Employee under this Section 6.2 shall constitute full satisfaction of Company's obligations under this Agreement, except as otherwise provided in this Agreement. In the event of such termination, Employee's entitlement to benefits under any benefit program, policy, or plan described in Section 5.1 shall be determined in accordance with the provisions of such program, policy, or plan.

6.3 Termination by Company for Cause.

(a) Company may terminate Employee's employment for "Cause" any time during the Term of this Agreement for which termination shall be effective five (5) days following written notice to Employee.

(b) For purposes of this Agreement and notwithstanding any other provision of this Agreement, "Cause" shall mean that Employee: (i) willfully commits an act of fraud, misconduct, dishonesty, negligence, or other bad act with respect to Company or any of its affiliates; (ii) fails to abide by laws applicable to Employee in Employee's capacity as an employee, of Company and officer of Premier Furniture Consultant, LLC; (iii) commits an act or omission which injures, or is likely to injure, Company or the business reputation of Company; (iv) is arrested, indicted for, convicted of, or pleads guilty or no contest to a felony or a crime involving moral turpitude; (v) fails substantively to perform any of his duties hereunder; (vi) fails to abide by the policies, procedures, and rules of Company; or (vii) breaches this Agreement.

(c) From and after the effective date of termination for Cause, Company shall have no further obligation to pay any Base Salary to Employee. In the event of such termination under this Section 6.3, Employee's entitlement to benefits under any benefit program, policy, or plan described in Section 5.1 shall be determined in accordance with the provisions of such program, policy, or plan.

7. **General Provisions**.

7.1 Notice. Notice required or permitted hereunder shall be made in writing (a) by actual delivery of the notice into the hands of the party thereunder entitled, (b) by the mailing of the notice by first class mail, certified or registered mail, return receipt requested, all postage prepaid, or (c) nationally recognized overnight delivery service and addressed to the party to whom the notice is to be given at the party's respective address set forth below, or such other address as the parties may from time to time designate by written notice as herein provided.

To Company: ServeCo North America, LLC<br>c/o Anthony Milano<br>19 Smiley Ingram Rd, SE<br>Cartersville, GA 30121

To Employee: George Martinez<br>1261 Red Maple Street<br>Centerton, Arkansas 72719

The notice shall be deemed to be received in case (1) on the date of its actual receipt by the party entitled thereto, in case (2) on the third business day following the date of its mailing, and in case (3) on the next business day following the date of its delivery to such nationally recognized overnight delivery service.

8.2 Amendment and Waiver. No amendment or modification of this Agreement shall be valid or binding upon (a) Company unless made in writing and signed by a duly authorized officer of Company and (b) Employee unless made in writing and signed by him.

8.3 Non-Waiver of Notice. Neither failure by either party to declare a default after a breach of any obligation under the Agreement by the other, nor failure by either party to act quickly with regard thereto, shall be considered to be a waiver of any such obligation, or of any future breach.

8.4 Severability. If any provision or portion of this Agreement, with the exception of Sections 1, 2, and 4, shall be determined to be invalid or unenforceable for any reason, the

remaining provisions of this Agreement shall be unaffected thereby and shall remain in full force and effect.

8.5 Tax Withholding. Company will withhold from any payments to Employee under this Agreement all Federal, state, city, or other taxes as may be required pursuant to any law or governmental regulation or ruling.

8.6 Governing Law/Consent to Jurisdiction and Venue. The validity and effect of this Agreement and the rights and obligations of the parties hereto shall be construed and determined in accordance the internal substantive laws of the State of Georgia.

8.7 Entire Agreement. This Agreement, including the Exhibits hereto, contains all of the terms agreed upon by Company and Employee with respect to the subject matter hereof with respect to the period from and after the Effective Date and, as of the Effective Date, supersedes all prior agreements, arrangements, and communications between the parties dealing with the subject matter hereof whether oral or written. To the extent this Agreement conflicts with any terms, conditions, or agreements set forth in any Company plan, policy, or manual, the terms of this Agreement shall govern.

8.8 Headings. Numbers and titles to paragraphs and sections hereof are for information purposes only and, where inconsistent with the text, are to be disregarded.

8.9 Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, when taken together, shall be and constitute one and the same instrument.

-----Signature Page Follows-----

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and effective January 1, 2025.

Company: SERVECO NORTH AMERICA, LLC,
a Georgia limited liability company

By: ______________________________
Anthony Milano,
CEO

Employee: ______________________________
George Martinez