# EXHIBIT B

**ServeCo North America, LLC**
19 Smiley Ingram Road SE, Cartersville, GA 30121

---

August 21, 2026

Gumersindo "George" Martinez
1261 Red Maple Street
Centerton, AR 72719-6094
Via Certified U.S. Mail and
Email to: gmartinezjr65@gmail.com

***Re: Termination of Employment from ServeCo North America, LLC***

Dear Mr. Martinez:

ServeCo North America, LLC ("**SCNA**") is terminating your employment for Cause under Section 6.3 of your Employment Agreement. As provided in Section 6.3(a) of your Employment Agreement, this termination is effective five (5) days after your receipt of this notice ("**Effective Date**"). You remain on paid administrative leave, and your access to SCNA systems and premises remains suspended, through the Effective Date.

The termination is for Cause as defined in Section 6.3(b), on each of the following independent grounds.

First, you took paid time off without the advance notice, written request, and prior authorization required by SCNA's Employee Handbook, including Section 6.1 (at least thirty days' advance notice and authorization before taking planned leave), Section 6.2 (a vacation request form submitted fourteen days before vacation), and the Unpaid Planned Absence Policy, and without reporting your paid time off to the Chief Executive Officer as Section 5.3 of your Employment Agreement requires. That conduct is a failure to abide by the policies, procedures, and rules of SCNA under Section 6.3(b)(vi) and a breach of your Employment Agreement under Section 6.3(b)(vii).

Second, on a number of occasions you misrepresented your whereabouts and availability, representing that you were in the office or attending to SCNA business when you were not. During those absences you failed to execute the obligations and responsibilities of your duties under your Employment Agreement. That conduct is dishonesty and misconduct under Section 6.3(b)(i), a substantive failure to perform your duties under Section 6.3(b)(v), and an act or omission likely to injure SCNA and its business reputation under Section 6.3(b)(iii).

Third, you concealed from SCNA that Ryan Martinez, an independent contractor engaged by SCNA, was performing work for a competitor, Furniture Solutions Network ("FSN"), for FSN's benefit. When SCNA's Chief Executive Officer asked you for an update on Ryan on July 25, 2026, you represented that you did not know his plans and led SCNA and Mr. Milano to believe he was away for personal reasons. In fact, Ryan was in New York performing work for FSN, pursuant to a rental car agreement that was invoiced to you and paid for by FSN, reflecting a vehicle pickup on July 23, 2026 and a return on August 4, 2026. Because Ryan was working for

FSN, work he was scheduled to perform for SCNA had to be cancelled, harming SCNA's reputation and brand while benefiting a direct competitor. You had that invoice in your SCNA email account and knew that Ryan was working on FSN's behalf, yet you withheld and misrepresented that fact when asked directly. That conduct is dishonesty and misconduct under Section 6.3(b)(i) and an act or omission likely to injure SCNA and its business reputation under Section 6.3(b)(iii).

Fourth, independent of your unauthorized paid time off and the misrepresentations described above, interviews with SCNA employees have confirmed that you failed to execute the obligations and responsibilities of your duties under your Employment Agreement. That conduct is a substantive failure to perform your duties under Section 6.3(b)(v) and an act or omission likely to injure SCNA and its business reputation under Section 6.3(b)(iii).

The grounds stated above reflect what SCNA has been able to substantiate to date. They are not exhaustive. SCNA's review of additional information is ongoing, and it reserves all rights to rely on additional grounds.

On the Effective Date, your employment ends and you may not hold yourself out as an SCNA employee or representative. You must return to SCNA all SCNA property in your possession or control, including equipment, devices, keys, credentials, and records, and all confidential and proprietary information, and you may not retain copies.

SCNA has enclosed a separation package with this correspondence.

Please direct any questions regarding your separation package to the undersigned.

Sincerely,

Toni Milano
President
ServeCo North America, LLC