**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GUMERSINDO MARTINEZ,

Plaintiff,

vs.

SERVECO NORTH AMERICA, LLC, TONY MILANO, TONI MILANO, CHRIS SCHALL, and MICHELE ZANIN,

Defendants.

Civil Action No.: 1:26-cv-05875-MLB

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW, Plaintiff Gumersindo Martinez (hereinafter, "Plaintiff") by and through counsel and pursuant to Fed. R. Civ. P. 65., files this Motion for a Temporary Restraining Order, to enjoin ServeCo North America, LLC, Tony Milano, Toni Milano, Chris Schall, and Michele Zanin (Collectively "Defendants") showing as follows:

# I. OVERVIEW

## a. Introduction

1. Plaintiff, in his personal capacity, owns Patent No. US 12,618,781 B2 (the "Patent"), which covers the system and methods for detecting mattress defects (the "Product"). Exhibit A, Patent No. US 12,618,781 B2.
2. The application for the Patent was filed on May 7, 2024. *Id.*

3. The Product was originally created by Daniel Esteban Viviani, and the application for the Patent was submitted by both Mr. Viviani and Plaintiff. *Id.*
4. This Patent granted the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States,
5. On April 28, 2025, Mr. Viviani assigned his rights to the Product and the Patent to Plaintiff. *Id.*
6. On May 5, 2025, the United States Patent and Trademark Office filed a Notice of Recordation of Assignment, confirming the Plaintiff's sole and exclusive ownership of the Patent and the Product. Exhibit B, Notice of Recordation.
7. Plaintiff was an employee of ServeCo North America, LLC, until August 26, 2026.
8. Plaintiff's employment with Defendants began on January 1, 2025. Exhibit C, Employment Agreement.
9. The terms of the Employment Agreement do not give Defendants the right to utilize, adopt, or sell Plaintiff's intellectual property. *Id.*
10. Plaintiff provided a prototype of the Product to ServeCo North America, LLC's Founder and Chief Executive Officer, Tony Milano. *See* Exhibit D, Affidavit of George Martinez.
11. Plaintiff did not provide approval for ServeCo North America, LLC or Mr. Milano to advertise, manufacture, or sell the product. *Id.*

12. Since receiving the prototype, ServeCo North America, LLC has been advertising and attempting to sell the Product as its own, in contravention of applicable law and in lieu of any assignment or licensure of the Patent and/or Product to them. *Id.*

13. Plaintiff has requested the return of the Product, but ServeCo North America, LLC has refused to return it. *See* Exhibit E, Cease and Desist Letter.

14. ServeCo North America, LLC has made, and continues to make, changes to the Product without Plaintiff's approval or consent, and in fact, in the face of directions to cease making changes to the Product. *Id.*

15. The advertisements include, but are not limited to, attendance at tradeshows, digital marketing, and direct solicitation of clients, wherein ServeCo North America, LLC has promoted the Product as its own creation under the name "ACT Vision." *See* Ex. E. *See also*, Exhibit F, Marketing Materials.

16. Plaintiff is aware that ServeCo North America, LLC has begun production of the Product, including the creation of one hundred prototypes designed to be utilized by ServeCo North America, LLC's sales representatives and sold to consumers. *See* Exhibit D.

17. Plaintiff is aware that ServeCo North America, LLC's employees have or will receive training associated with the Product to assist with their sales pitch of the Product. *Id. See also* ServeCo North America, *ACT Vision Precision*

*Mattress Inspection Technology*, VIMEO (May 19, 2026, 12:07 pm) https://vimeo.com/user255797830.

18. Plaintiff is aware that ServeCo North America, LLC has begun a concerted marketing effort related to the advertisement of the Product. *Id. See also* ServeCo North America, *ACT Vision Technician Training & Inspection Process*, VIMEO (May 19, 2026, 12:07 pm) https://vimeo.com/1213262631.

19. Plaintiff is aware that ServeCo North America, LLC and its executive officers, including but not limited to Mr. Milano, have told third-parties that the Product is owned by ServeCo North America, LLC. Ex. D.

**b. Immediate and Irreparable Harm to Plaintiff in Accordance with Fed. R. Civ. P. 65.**

20. Defendants' activities cause immediate and irreparable harm to the Plaintiff, because

(1) The Product and Patent are solely owned by him, and no licensing agreement—implicit or otherwise—has been given to ServeCo North America, LLC nor the other Defendants;

(2) The advertisement, production, and training related to the Product creates the risk of market confusion, whereby Plaintiff is at risk of the immediate and irreparable harm of losing his ability to manufacture and sell the product altogether;

(3) The Defendants' advertisement, use, production, training, and sales of the Product cause immediate and irreparable harm to the rightful owner, Plaintiff, by virtue of dilution of the perceived market by potential customers.

21. These activities will cause and have caused irreparable harm to Plaintiff's rights as the sole owner of the Patent. *See* Exhibit A.

22. These actions are contrary to equity and good conscience, for which no adequate remedy exists at law.

23. The planned and continuing actions of Defendants will cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

**c. The Balance of Harms Favors Plaintiff.**

24. The Defendants face no harm if it is enjoined by this Court.

25. The Defendants do not own the Patent and therefore will likely lose on the merits when this dispute is adjudicated.

26. The Defendants had no plans to develop a mattress defect detection system prior to the prototype being demonstrated by Plaintiff.

27. Defendants only began manufacturing the mattress defect detection system after Plaintiff demonstrated his Product to Defendants.

28. Defendants have only manufactured samples to use as demonstratives to potential clients and customers, and to the best of Plaintiff's belief, has not entered into any contracts for the sale of the Product to the consumer market.

29. Defendants would face minimal harm if enjoined from continuing their development, production, and marketing of the infringing product.

30. Plaintiff, however, would face greater harm because Defendants' actions are blatantly infringing on his Patent rights.

31. If Defendants are not enjoined, Plaintiff will be subjected to market confusion about the true owner of the Product.

32. This confusion would take time and financial resources to reverse, which would cause Plaintiff immediate and irreparable harm.

33. The Defendants should not be permitted to seek clients and customers for an invention that they have, at best, copied and at worst, stolen.

34. Plaintiff would also lose out on potential sales to interested buyers as they would purchase the infringing product from Defendants.

35. The balance of harms therefore favors preserving the *status quo* until this Court can hear Plaintiff's request for preliminary injunctive relief.

**d. Public Interest Supports Temporary Relief.**

36. The requested relief is narrowly directed to prevent violations of Plaintiff's patent rights pending a hearing before this Court.

37. The requested temporary relief is in the public's interest because it supports federal law and prevents confusion in the marketplace.

38. Federal law provides rights to those who own a patent. These rights are to support inventors and encourage invention. If this Court grants temporary relief, it will support the promotion of the progress of science and useful arts by protecting the exclusive rights granted to Plaintiff as provided in the United States Constitution. *See*, 35 U.S.C. § 154 and U.S. Const. art. I, § 8, cl. 8.

## II. PRAYER FOR RELIEF

I. The issuance of a Temporary Restraining Order is necessary to preserve the *status quo* and prevent further harm to Plaintiff's Patent rights and future business operations.

II. Pursuant to Fed. R. Civ. P. 65., Plaintiff has provided notice to Defendants of this Motion and accompanying affidavits by serving these pleadings via certified mail.

III. Granting this Temporary Restraining Order is within the sound discretion of this Court and is warranted under the circumstances of this case, as the harm to Plaintiff is immediate and irreparable, the balance of harms favors Plaintiff, and the public would benefit from a Temporary Restraining Order. *See* Fed. R. Civ. P. 65 ("The granting and continuing of injunctions

shall always rest in the sound discretion of the judge, according to the circumstances of each case.”).

IV. Equity supports enjoining of Defendants from continuing to infringe on the exclusive rights granted to a Patent owner.

V. Plaintiff submits the attached Affidavit of Gumersindo Martinez (Exhibit D) detailing a factual basis and authenticating evidence found with this Motion for Temporary Restraining Order, as well as the other exhibits attached hereto.

WHEREFORE, Plaintiff respectfully requests this Court:

(a) Issue a temporary restraining order enjoining ServeCo North America, LLC from its continued harm upon Plaintiff;

(b) If necessary, set this matter for an *ex parte* hearing at the earliest possible time for Plaintiff to provide evidence to the Court in support of its Motion for Temporary Restraining Order; and

(c) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 14th day of October, 2026.

**SUTTON LAW GROUP, LLC**

Darrell L. Sutton
Ga. Bar No.: 693484
Samuel M. Lyon
Ga. Bar No.: 921804

Andrew E. Valbuena
Ga. Bar No.: 579175
*Attorneys for Plaintiff*

351 Washington Avenue, Suite 300
Marietta, Georgia
(678) 529-6180
dls@sutton-law-group.com
sml@sutton-law-group.com
aev@sutton-law-group.com

**CERTIFICATION:** The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1-inch top margin in accordance with LR 5.1B, N.D. Ga.

**AI CERTIFICATION:** The above-signed counsel hereby certifies that all portions of this document influenced by AI was personally reviewed by the above-signed counsel to confirm accuracy, and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.