**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GUMERSINDO MARTINEZ,<br><br>Plaintiff,<br>vs.<br><br>SERVECO NORTH AMERICA, LLC, TONY MILANO, TONI MILANO, CHRIS SCHALL, and MICHELE ZANIN,<br><br>Defendants. | : Civil Action File No.: 1:26-cv-05875-MLB |

**[PROPOSED] ORDER**

Having read and considered Gumersindo Martinez's ("Plaintiff's") Motion for Temporary Restraining Order, in addition to the supporting affidavit and exhibits, the Court finds that good cause has been demonstrated by Plaintiff, that he has notified Defendants as required by law, and has shown good cause that immediate and irreparable harm will result to the Plaintiff before the adverse party can be heard pursuant to Fed. R. Civ. P. 65. The Court hereby restrains Defendants, ServeCo North America, LLC, Tony Milano, Toni Milano, Chris Schall, and Michele Zanin (including any and all of employees or independent contractors) pursuant to Fed. R. Civ. P. 65 for 14 days as follows:

- Defendants are restricted from their continued use in any manner whatsoever of the Infringing Product, as defined in the Motion for Temporary Restraining Order;
- Defendants are restricted from making representations to third parties that Defendants are the rightful owner of the Patent, as defined in the Motion for Temporary Restraining Order;
- Defendants are restricted from instructing their associates and employees to act in a certain manner as it relates to the sale, advertisement, or distribution of the Infringing Product;
- Defendants are restricted from training, or otherwise demonstrating the Infringing Product to any employees, independent contractors, representatives, vendors, clients, or third parties;
- Defendants are restricted from distributing the Infringing Product;
- Defendants are restricted from advertising the Infringing Product in any way;
- Defendants are restricted from creating, or directing the creation of, advertising materials related to the Infringing Product;
- Defendants are restricted from representing that it has the right to advertise, sell, or distribute the Infringing Product; and
- Defendants are restricted from destroying, altering, or distributing any prototypes related to the Infringing Product.

This Order is made in furtherance of maintaining the status quo between the parties and will remain in place until the expiration of 14 days of the entry of the Order.

**SO ORDERED** this ______ day of ________ 2026, at ________________ O'clock a.m./p.m.

________________________________
Presiding Judge
Presiding Judge, United States District Court for the Northern District of Georgia, Rome Division.

*Prepared by:*

*Darrell L. Sutton*
*Georgia Bar No.: 693484*
*Samuel M. Lyon*
*Georgia Bar No.: 921804*
*Andrew E. Valbuena*
*Georgia Bar No.: 579175*
*Attorneys for Plaintiff*
*SUTTON LAW GROUP, LLC*
*351 Washington Avenue, Suite 300*
*Marietta, Georgia 30060*
*678-529-6180*
*678-529-6199 (Fax)*

***CERTIFICATION:*** *The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1-inch top margin in accordance with LR 5.1(B), (D) N.D. Ga.*

***AI CERTIFICATION:*** *The above-signed counsel hereby certifies that all portions of this document influenced by AI was personally reviewed by the above-signed counsel to confirm accuracy, and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.*